IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DONALD J. BUCKLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| JOHNSON CONTROLS, INC., ) | |
| ) | |
| JOHNSON CONTROLS BATTERY ) | |
| GROUP, INC., ) | |
| ) | |
| LARRY JOHNSON, ) | |
| ) | |
| DAVID GLIDEWELL, ) | |
| ) | |
| GREG KLINE, R.N., ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOES 1-100, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants Johnson Controls, Inc. and Johnson Controls Battery Group, Inc. (collectively "JCI Defendants"), and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and with full reservation of all defenses including failure to state a claim, hereby remove this case from the Circuit Court of Buchanan County, Missouri to the United States District Court for the Western District of Missouri, St. Joseph Division. In support thereof, Defendants state as follows:

**I.      INTRODUCTION AND BACKGROUND**

1.      Plaintiff Donald L. Buckler filed this occupational disease negligence action on October 28, 2013 in the Circuit Court of Buchanan County, Missouri. The state court action is

46678859\3

styled *Donald L. Buckler v. Johnson Controls, Inc. et al.*, ("Petition") Case No. 13BU-CV04969. *See* Ex. A, Petition.

2. The initial Petition named the JCI Defendants, three identified JCI employees, and 100 unidentified JCI employees, agents and officers as defendants. *See* Ex. A, Petition, at ¶¶ 3-7. The Petition alleged that the JCI Defendants were incorporated in Wisconsin, but that the named JCI employees, as well as one or more of the unnamed Doe defendants, were Missouri residents. *Id.*

3. Generally, the initial Petition alleges that Plaintiff worked at a JCI battery plant for a number of years where he was exposed to lead an other chemicals, and that this exposure caused him to develop Parkinson's disease. *See* Ex. A, Petition, at ¶¶ 10-24.

4. The initial Petition contained four counts. Count I alleged that all defendants were negligent for requiring or allowing Plaintiff to work around harmful substances, including lead. *See* Ex. A, Petition, at ¶¶ 26-30. Count II alleged that the JCI Defendants were *per se* negligent for their noncompliance with RSMo § 292.300, which deals with prevention of occupational diseases. *See* Ex. A, Petition, at ¶¶ 31-36. Counts III and IV allege that the JCI Defendants were *per se* negligent for their noncompliance with RSMo §§ 292.320 and 292.330, respectively, which also deal with the prevention of occupational disease. *See* Ex. A, Petition, at ¶¶ 37-42 (Count III), 43-48 (Count IV). Thus, only Count I of the initial Petition was directed at JCI employees; all other counts were directed solely at the JCI Defendants.

5. On December 5, 2013, Plaintiff filed an Amended Petition, which is exactly the same as the original petition except for an additional Count V. *See* Ex. B., Amended Petition, at ¶¶ 49-51. Count V of the Amended Petition alleges that the three named JCI employee defendants "engaged in affirmatively negligent acts that purposefully and dangerously caused or

increased the risk of injury to Plaintiff . . . ." *See* Ex. B., Amended Petition, at ¶ 50. Despite the use of the word "purposefully," Count V alleges negligence by the three named JCI employee defendants. *See* Ex. B., Amended Petition, at ¶ 51. The alleged injury resulting from Count V's alleged negligence is apparently the Parkinson's disease that is the subject of the other four counts. *See* Ex. B., Amended Petition, at ¶ 50.

## II. THIS NOTICE OF REMOVAL IS TIMELY AND ALL DEFENDANTS HAVE CONSENTED TO REMOVAL

6. JCI Defendants were served with the initial state court Petition on November 14, 2013. Undersigned counsel represents all defendants, and all defendants consent to this removal pursuant to 28 § U.S.C. 1446(b)(2). This Notice of Removal is therefore timely.

## III. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because this action could have been filed in this Court under 28 U.S.C. § 1332. This is a civil action in which there is complete diversity of citizenship between the Plaintiff and the JCI defendants; the employee defendants were fraudulently joined. The amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. There is complete diversity of citizenship between Plaintiff and Defendants.

8. Plaintiff is a Missouri resident residing in Buchanan County. Ex. B, Amended Petition, at ¶ 2.

9. JCI Defendants are not citizens of Missouri. Both Johnson Controls, Inc. and Johnson Controls Battery Group, Inc. are Wisconsin Corporations with their principal places of business in Milwaukee, Wisconsin.

10. The alleged citizenship of the Doe defendants is irrelevant to removal. 28 U.S.C. § 1441(b)(1) provides, "In determining whether a civil action is removable on the basis of the

jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

11. The named employee defendants were fraudulently joined. Removal will not be defeated by fraudulent joinder of resident defendants. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 n. 6 (8th Cir. 1977).

12. Under Missouri law, employers have a non-delegable duty to provide a safe workplace, and co-employees are immune to negligence actions to the extent the duty they allegedly breached stems from the employer's duty to provide a safe workplace. *See Hansen v. Ritter*, 375 S.W.3d 201, 208 (Mo. App. W.D. 2012). "Unless a petition asserts a personal duty owed by a co-employee that exists independent of the employer's non-delegable duties, and thus a duty that would exist independent of the master-servant relationship, the petition will not survive a motion to dismiss for failure to state a cause of action for negligence." *Id.* at 217.

13. Here, only two counts of the Amended Petition, Counts I and V, implicate the employee defendants. *See generally* Ex. B, Amended Petition. Both allege negligence based on breaches of a duty to provide a safe workplace—a duty that the employee defendants would not owe Plaintiff but for the master-servant relationship.

14. Count I alleges that all defendants generally "had a duty to protect employees from dangerous conditions in the battery manufacturing plant, including, but not limited to, hazardous chemicals and other substances." Ex. B, Amended Petition at ¶ 27. This clearly implicates the duty to maintain a safe workplace, which is the employer's non-delegable duty,

and cannot provide the basis for a negligence action against co-employees as a matter of Missouri law. Therefore, Count I does not state a colorable claim against any employee defendants.

15. Count V alleges negligence against the three named employee defendants. Ex. B, Amended Petition at ¶¶ 49-51. However, Count V does not identify or allude to what specific duty the named employee defendants owed Plaintiff. *See id.* Count V does incorporate the rest of the Amended Petition by reference, but the only paragraph in the entire Amended Petition which discusses the employee defendants' duty to Plaintiff is ¶ 27, which deals with the duty to maintain a safe workplace. Thus it appears that the alleged duty at issue in Count V is the same as the duty in Count I. This conclusion is reinforced by a reading of Paragraph 50 of the Amended Petition—all of the allegations relate to workplace conditions and the named employee defendants' relationships thereto. Ex. B, Amended Petition at ¶ 50. Because, as a matter of law, Missouri co-employees are not liable in negligence for failure to maintain a safe workplace, Count V does not state a colorable claim against the three named employee defendants.

16. Because no colorable claim is made against any Missouri defendant, there is complete diversity here.

### B. The amount-in-controversy requirement is satisfied.

17. The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered may be greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). When the petition is silent as to damages, the removing party must show that the amount in controversy requirement is met by a preponderance of the evidence. *Gonzalez–Lopez v. Fahle*, No. 4:05–CV–826-CEJ, 2005 WL 2708832, *3 (E.D. Mo. Oct. 21, 2005). The determining factor is whether a fact finder might conclude that the alleged damages

5

46678859\3

Case 5:13-cv-06142-NKL   Document 1   Filed 12/13/13   Page 5 of 8

exceed $75,000. *Mentesana v. State Farm Fire & Cas. Co.*, No. 07–0456–CV–W–ODS, 2008 WL 2225737, *1 (W.D. Mo. May 28, 2008) (citing *Kopp v. Kopp*, 280 F.3d at 885).

18. Here, Plaintiff alleges that he "was diagnosed with Parkinson's disease on January 31, 2005." The disease is alleged to have caused significant disability, impairment of his nervous system, an inability to work and resulted in disability benefits from the Social Security Administration. Plaintiff has undergone numerous surgeries to minimize the effects of Parkinson's disease. The disease has also resulted in "pain, suffering, loss of enjoyment of life, inconvenience, depression and anxiety." Ex. B, Amended Petition at ¶¶ 18 and 19.

19. Although the Amended Petition is silent as to the exact amount of damages, there simply is no credible question that Plaintiff's alleged damages are well in excess of $75,000, exclusive of interest and costs.

20. Given the Plaintiff's alleged damages, the amount in controversy requirement is satisfied. *See In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *see also Gonzalez-Lopez v. Fahle*, No. 4:05-CV-827 CEJ, 2005 WL 2708832, at *3 (E.D. Mo. Oct. 21, 2005) (agreeing with courts within the Eighth Circuit that utilized the preponderance of the evidence test in situations where the plaintiff has not pled a specific amount of damages).

## IV. THIS COURT IS THE PROPER VENUE

21. The Circuit Court of Buchanan County, Missouri is located within the Western District of Missouri, St. Joseph Division. *See* 28 U.S.C. § 105(b)(3). Thus, venue is proper in this Court as it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. PLEADINGS AND PROCESS

22. As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all state court process and pleadings and all other papers on file with the state court to this Notice of Removal. *See* Ex. C.

## VI. NOTICE GIVEN

23. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a Notice of Removal with the Clerk of the Circuit Court of Buchanan County, Missouri, the state court in which the action is currently pending, and will serve a copy of this notice on all parties to the removed action.

## VII. DEMAND FOR JURY TRIAL

24. Defendants hereby demand a jury trial in this action.

WHEREFORE, in accordance with the authorities set forth above, Defendants hereby remove this action from the Circuit Court of Buchanan County, Missouri, to the United States District Court for the Western District of Missouri, St. Joseph Division.

Respectfully submitted,

/s/ Adam T. Suroff
PATRICIA A. SEXTON  MO #45117
ADAM T. SUROFF  MO # 51355
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
asuroff@polsinelli.com

ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 13th day of December, 2013, to all counsel of record.

/s/ Adam T. Suroff
Attorney for Defendants